IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT H. AYLOR, JR., On Behalf of Himself and All Others Similarly Situated, | : | |
| | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 05-00222 (SLR) |
| | : | |
| v. | : | Related Cases: |
| | : | 1:05-CV-00242 (SLR) |
| XYBERNAUT CORPORATION, | : | 1:05-CV-00256 (SLR) |
| EDWARD G. NEWMAN, STEVEN A. | : | 1:05-CV-00268 (SLR) |
| NEWMAN, M.D., and THOMAS D. | : | 1:05-CV-00310 (SLR) |
| DAVIS, | : | 1:05-CV-00334 (SLR) |
| | : | 1:05-CV-00354 (SLR) |
| Defendants. | : | |

## AL MESNAD GROUP'S MEMORANDUM OF LAW IN OPPOSITION TO VARIOUS MOTIONS FOR APPOINTMENT OF LEAD PLAINTIFF

PRICKETT, JONES & ELLIOTT, P.A.
James L. Holzman (DE Bar #663)
J. Clayton Athey (DE Bar #4378)
1310 King Street
Box 1328
Wilmington, DE 19899
Telephone: (302) 888-6500
*Proposed Liaison Counsel for The Al Mesnad Group*

Date: June 28, 2005

COHEN, MILSTEIN, HAUSFELD
  & TOLL, P.L.L.C
Steven J. Toll
Daniel S. Sommers
Scott L. Adkins (DE Bar #3923)
Jason M. Leviton
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, D.C. 20005
Telephone: (202) 408-4600
*Proposed Co-Lead Counsel for The Al Mesnad Group*

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ........................................................................................... ii

INTRODUCTION ........................................................................................................... 1

ARGUMENT ................................................................................................................... 2

      I.     The Reform Act Presumes That The Al Mesnad Group Is The Most
           Adequate Lead Plaintiff ................................................................................... 2

           A.     The Al Mesnad Group Possesses The Largest Financial Interest In
                  This Litigation ................................................................................... 2

           B.     The Al Mesnad Group Is Both Adequate And Typical Under Rule
                  23 ...................................................................................................... 3

CONCLUSION ............................................................................................................... 5

# TABLE OF AUTHORITIES

## FEDERAL DECISIONS

*A.F.I.K. Holding SPRL v. Fass*, 216 F.R.D. 567 (D.N.J. 2003) ............................................3

*In re Amtel Corp. Sec. Litig.*, 2003 U.S. Dist. LEXIS 26470
(N.D. Cal. Jun. 17, 2003) ............................................................................................4

*In re Cendant Corp. Litig.*, 264 F.3d 201 (3rd Cir. 2001) ..............................................3, 4

*EZRA Charitable Trust v. Rent-Way, Inc.*, 136 F. Supp. 2d  435 (W.D. Pa. 2001).............3

*In re MicroStrategy Sec. Litig.*, 110 F. Supp. 2d 427 (E.D. Va. 2000)...............................3

*Switzenbaum v. Orbital Sciences Corp.*, 187 F. Supp. 2d 246 (E.D. Va. 1999)..................3

## FEDERAL STATUTES

15 U.S.C. § 78u-4(a)(3)(B)(ii)(I) ........................................................................................2

15 U.S.C. §§ 78u-4(a)(3)(B)(ii)(I)(bb) ...............................................................................2

## RULES

Fed. R. Civ. P. 23 .................................................................................................................2

Fed. R. Civ. P. 23(a) ..........................................................................................................3,4

**[ADDITIONAL COUNSEL LISTED ON NEXT PAGE]**

MURRAY, FRANK & SAILER LLP
Eric J. Belfi
275 Madison Avenue
New York, N.Y. 10016
Tel: (212) 682-1818
Fax: (212) 682-1892
*Proposed Co-Lead Counsel For The Al Mesnad Group*

GLANCY, BINKOW & GOLDBERG LLP
Michael Goldberg
1801 Avenue of the Stars, Suite 311
Los Angeles, CA 90067
Tel: (310) 201-9150
Fax: (310) 201-9160

19625.1.\278022v2

The Al Mesnad Group respectfully submits this memorandum in further support of its motion for appointment as lead plaintiff ("Lead Plaintiff") and approval of its selection of Cohen, Milstein, Hausfeld & Toll, P.L.L.C. ("Cohen Milstein") and Murray, Frank & Sailer LLP ("Murray Frank") as co-Lead Counsel and Prickett, Jones & Elliott, P.A. ("Prickett Jones") as Liaison Counsel under the Private Securities Litigation Reform Act of 1995 ("PSLRA" or "Reform Act"), 15 U.S.C. § 78u-4(a)(3)(B) and in opposition to competing motions filed by three other purported groups which seek appointment as Lead Plaintiffs.

## INTRODUCTION

Now before the Court lie four Lead Plaintiff and Lead Counsel motions.  According to the movants' previously-filed papers, these groups suffered the following reported losses:

| Movant | Reported Losses |
| --- | --- |
| Al Mesnad Group | $963,507 |
| Xybernaut Investors Group | $668,390[1] |
| James Group | $427,006 |
| Fehrenbacher Group | $412,918 |

Not only has the Al Mesnad Group suffered by far the largest losses of any movant, but one member of the Al Mesnad Group—Plaintiff Khalid Nassera Al Mesnad—alone lost $537,200, which exceeds the total lost by *all* of the individuals that make up the James Group and the Fehrenbacher Group.  Nor can the Xybernaut Investors Group hope to prevail because Al

---

[1] Interestingly, in Lead Plaintiff papers that the Xybernaut Investors Group filed in the Eastern District of Virginia, that group reports its losses as $688,390 – twenty thousand dollars more than the losses reported here in this district.  *See* Ex. A at 8 (Xybernaut Investor Group's Lead Plaintiff brief filed in E.D. Va.).

Mesnad Group's total losses exceed the Xybernaut Group's by over thirty percent. The same holds for both the James Group and the Fehrenbacher Group. Neither can conceivably hope to prevail in this Lead Plaintiff competition because the Al Mesnad Group's losses exceed the reported losses of the James Group and the Fehrenbacher Group by over 225% and 233%, respectively.[2]  Accordingly,  the Al Mesnad Group respectfully requests that its Lead Plaintiff motion be granted and its selected counsel be appointed Co-Lead and Liaison Counsel.

## ARGUMENT

### I. THE REFORM ACT PRESUMES THAT THE AL MESNAD GROUP IS THE MOST ADEQUATE LEAD PLAINTIFF.

The Reform Act presumes that the plaintiff or group of plaintiffs with the largest loss is the most adequate Lead Plaintiff if that plaintiff has also either filed a complaint or a Lead Plaintiff motion and if that plaintiff meets Rule 23's requirements of adequacy and typicality. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii)(I).  For the following reasons, the Court should presume the Al Mesnad Group to be the most adequate plaintiff under the Reform Act:  (i)  the Al Mesnad Group suffered the largest loss;  (ii)  the Al Mesnad Group has filed a Lead Plaintiff motion in this Court; and (iii) the Al Mesnad Group presents a prima facie showing under Rule 23 of both adequacy and typicality.

#### A. Al Mesnad Group Possesses The Largest Financial Interest In This Litigation.

Under the Reform Act, the Al Mesnad Group has suffered the largest loss, which means that the Al Mesnad Group "has the largest financial interest in the relief sought by the class[.]" 15 U.S.C. § 78u-4(a)(3)(B)(ii)(I)(bb).  Indeed, the Al Mesnad Group's losses ($963,507) exceed

---

[2] One member of the James Group, Kenneth James, appears to have listed weekend trades on his certification.  This raises questions about the accuracy that group's reported losses.

the *combined* losses of the James and the Fehrenbacher Groups ($839,924). And, as demonstrated above, the Al Mesnad Group's losses exceed those of the Xybernaut Group by $295,117. Accordingly, under any analysis, the Al Mesnad Group has demonstrated that it has the largest financial interest of those asserted by any movant for Lead Plaintiff here, and thereby is presumptively the appropriate Lead Plaintiff. *See EZRA Charitable Trust v. Rent-Way, Inc.*, 136 F. Supp. 2d 435, 439-445 (W.D. Pa. 2001) (appointing plaintiff with largest financial loss as lead plaintiff); *In re MicroStrategy, Inc. Sec. Litig.*, 110 F. Supp. 2d 427, 436 (E.D. Va. 2000) (same).

### B. The Al Mesnad Group Is Both Adequate And Typical Under Rule 23.

After identifying the Lead Plaintiff movant with the largest financial stake, the Court should then focus on whether that movant (and here, that movant is the Al Mesnad Group) satisfies Rule 23(a)'s requirements of adequacy and typicality. Under the Reform Act, the inquiry is less exacting than will later be the case at class certification. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 264 (3rd Cir. 2001) ("[B]oth the statutory structure and the legislative history suggest that the court's initial inquiry as to whether the movant with the largest losses satisfies the typicality and adequacy requirements need not be extensive."); *MicroStrategy*, 110 F. Supp. 2d at 435. Here, the Al Mesnad Group need only make a preliminary showing or a prima facie case. *See, e.g., A.F.I.K. Holding SPRL v. Fass*, 216 F.R.D. 567, 571 (D.N.J. 2003); *Switzenbaum v. Orbital Sciences Corp.*, 187 F. Supp. 2d 246, 250 (E.D. Va. 1999). For the reasons explained in the Al Mesnad Group's opening brief, the group easily clears this hurdle.

In addition, however, the Al Mesnad Group submits a detailed declaration wherein each of its four members affirmed that they understand they must stay informed about the litigation's status and outlined a detailed plan to achieve that end and control the course of the litigation.

*See* Joint Lead Plaintiff Declaration ¶¶ 7-11 (Exhibit B, attached hereto). This declaration further declares that the members of the Al Mesnad Group will: (i) "regularly monitor" their attorneys; (ii) "vie for the best possible recovery" for the class; (iii) exercise joint decision-making; and (iv) "ensure that work performed in this action is non-duplicative[.] (Exhibit B ¶¶ 8, 9). Overall, the declaration makes clear that the Al Mesnad Group aims to work together as a group. Consequently, the declaration provides additional evidence that the Al Mesnad Group makes a *prima facie* showing that the group is adequate under Rule 23(a). *See In re Atmel Corp. Sec. Litig.*, 2003 U.S. Dist. LEXIS 26470, at **4-6 (N.D. Cal. Jun. 17, 2003) (Exhibit C).

In the face of the Al Mesnad Group's superior losses, its declaration, and the expertise of the group's selected counsel, no putative class member can rebut the presumption that the Al Mesnad Group is the most adequate Lead Plaintiff. No putative class member can show that the Al Mesnad Group might not have the "ability and incentive" to represent the class "vigorously." Nor can any putative class member dispute that the Al Mesnad Group has obtained adequate counsel. And finally, no putative class member can identify any conflict between the Al Mesnad Group's claims and those of the putative class. *See Cendant*, 264 F.3d at 265 (listing facts to consider and that must be rebutted in a Lead Plaintiff contest and challenge).

## CONCLUSION

For the foregoing reasons, the Al Mesnad Group respectfully requests that the Court

appoint it as Lead Plaintiff and approve the group's selection of Cohen, Milstein and Murray,

Frank as co-Lead Counsel.

Dated: June 28, 2005

Respectfully submitted,

**PRICKETT, JONES & ELLIOTT, P.A.**

James L. Holzman (DE Bar #663)
J. Clayton Athey (DE Bar # 4378)
1310 King Street, Box 1328
Wilmington, DE 19899
Telephone: (302) 888-6500
Facsimile: (302) 658-8111
*Proposed Liaison Counsel For The Al Mesnad
Group*

**COHEN, MILSTEIN, HAUSFELD
   & TOLL, P.L.L.C**
Steven J. Toll
Daniel S. Sommers
Scott L. Adkins  (DE Bar #3923)
Jason M. Leviton
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, D.C. 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699

**MURRAY, FRANK & SAILOR LLP**
Eric J. Belfi
275 Madison Avenue
New York, N.Y. 10016
Tel: (212) 682-1818
Fax: (212) 682-1892

*Proposed Co-Lead Counsel For The Al Mesnad
Group*

19625.1.\278022v2                                5

**GLANCY, BINKOW & GOLDBERG LLP**
Michael Goldberg
1801 Avenue of the Stars, Suite 311
Los Angeles, CA 90067
Tel:  (310) 201-9150
Fax:  (310) 201-9160

## CERTIFICATE OF SERVICE

I, J. Clayton Athey, hereby certify that on June 28, 2005, I electronically filed the foregoing **AL MESNAD GROUP'S MEMORANDUM OF LAW IN OPPOSITION TO VARIOUS MOTIONS FOR APPOINTMENT OF LEAD PLAINTIFF** with the Clerk of the Court using CM/ECF, which will send notification of such filing to the following:

**ROSENTHAL, MONHAIT, GROSS**
**& GODDESS**
Jessica Zeldin
Mellon Bank Center, Suite 1401
919 Market Street
Wilmington, DE 19899-1070

**CHIMICLES & TIKELLIS, LLP**
Pamela S. Tikellis
Robert J. Kriner
A. Zachary Naylor
Robert Davis
One Rodney Square, 5th Floor
920 King Street
Wilmington, DE 19801

**DRINKER, BIDDLE & REATH**
David Phillip Primack
1100 North Market Street
Suite 1000
Wilmington, DE 19801-1254

**MORRIS JAMES HITCHENS & WILLIAMS**
Michael A. Weidinger
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, DE 19899

**MILBERG WEISS BERSHAD**
**& SCHULMAN LLP**
Seth D. Rigrodsky
Ralph N. Sianni
Brian D. Long
919 North Market Street, Suite 411
Wilmington, DE 19801

**SMITH, KATZENSTEIN & FURLOW**
Laurence V. Cronin
800 Delaware Ave.
P.O. Box 410
Wilmington, DE 19899

**SAUL EWING LLP**
Michael F. Bonkowski
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899

J. Clayton Athey (Bar ID #4378)
Prickett, Jones & Elliott, P.A.
1310 King Street
P.O. Box 1328
Wilmington, DE 19899
(302) 888-6507
jcathey@prickett.com
*Proposed Liaison Counsel for The Al Mesnad Group*